UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES J. ELLIOTT, SR.,

    Plaintiff,

v.                                          CASE NO. 6:09-cv-1539-Orl-35DAB

DAYTONA BEACH POLICE
DEPARTMENT,

    Defendant.
_____

## ORDER

This case is before the Court on the following matters:

1.     Plaintiff filed a civil rights complaint (Doc. No. 1) and an amended civil rights complaint (Doc. No. 5) pursuant to 42 U.S.C. § 1983.  Although the pleadings filed by Plaintiff are neatly written and otherwise legible, the Court finds that the standard pre-printed civil rights complaint form is more useful in helping the Court evaluate civil rights complaints.

Accordingly, Plaintiff is **ORDERED** to refile his civil rights complaint on the form **provided as an attachment** to this Order by the Clerk, within **TWENTY (20) DAYS** from the date of this Order.  Plaintiff shall clearly mark his new complaint as **Second Amended Complaint**.  **Failure to comply with this order will result in the dismissal of this action without further notice.**

2.     Plaintiff's Motion for Reconsideration of Statue of Limitations (Doc. No. 2) is **DENIED**.  Once Plaintiff files his Second Amended Complaint, the Court will review the

complaint pursuant to the Prison Litigation Reform Act and determine whether his complaint is barred by the applicable statute of limitations.[1]

3. Plaintiff filed a Motion for Injunction (Doc. No. 3) alleging that he is "scared that [the Daytona Beach Police Department] will [ ] violate[ ] [his] rights for [filing] this law suit [ ] because [ ] he is black." *Id*. The Eleventh Circuit has fashioned a four factor test for granting an injunction in this Court:

> To be entitled to injunctive relief, the moving party must establish that (1) there is a substantial likelihood that he ultimately will prevail on the merits of the claim; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the public interest will not be harmed if the injunction should issue.

*Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983) (citations omitted). "The purpose of . . . a preliminary injunction is 'merely to preserve the relative positions of the parties until a trial on the merits can be held.'" *United States v. Lambert*, 695 F.2d 536, 539-40 (11th Cir. 1983) (quoting *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). "Because a preliminary injunction is 'an extraordinary and drastic remedy,' its grant is the exception rather than the rule, and Plaintiff must clearly carry the burden of persuasion." *Lambert*, 695 F.2d at 539 (quoting *State of Texas v. Seatrain International, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975)).

Further, Plaintiff must comply with Local Rule 4.05 and/or Local Rule 4.06, Rules of the United States District Court for the Middle District of Florida and Federal Rule of Civil

---

[1] Pursuant to the Prison Litigation Reform Act, courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief. In addition, 28 U.S.C. § 1915A(b) directs courts to dismiss actions which are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief.

Procedure 65 in drafting his motion. These rules govern this Court's decision as to whether an injunction shall issue.

In this case, Plaintiff has neither complied with the applicable rules nor convinced the Court that there is a substantial likelihood that he will prevail on the merits. Plaintiff has also failed to show that there exists a substantial threat that he will suffer irreparable injury if the injunction, whether by temporary or preliminary injunction, is not granted. Therefore, Plaintiff's motion for injunctive relief (Doc. No. 3) is hereby **DENIED**.

**DONE AND ORDERED** in Orlando, Florida, this 1st day of October 2009.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 10/1
Charles J. Elliott